IN UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY (TRENTON)

| | |
|---|---|
| Rysheedna Smith,<br><br>   Plaintiff,<br><br> vs.<br><br>Equifax Information Services, LLC,<br>a Georgia limited liability company,<br><br>Trans Union, LLC,<br>an Illinois limited liability company,<br><br>Carvant Financial, LLC,<br>a foreign limited liability company, and<br><br>Healthcare Revenue Recovery Group,<br>LLC, under the fictitious name of ARS<br>Account Resolution Services, a foreign<br>limited liability company,<br><br>   Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, RYSHEEDNA SMITH, BY AND THROUGH COUNSEL, DANIEL ZEMEL, and for her Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Trenton, Mercer County, New Jersey.

4. Venue is proper in the District of New Jersey, Trenton Division.

## PARTIES

5. Plaintiff is a natural person residing in the City of Trenton, Mercer County, New Jersey.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of New Jersey;

    b. Trans Union, LLC ("Trans Union") is an Illinois limited liability company that conducts business in the State of New Jersey;

    c. Carvant Financial, LLC ("Carvant Financial") is a foreign limited liability company that conducts business in the State of New Jersey; and

    d. Healthcare Revenue Recovery Group, LLC, under the fictitious name of ARS Account Resolution Services ("Health Revenue") is a foreign limited liability company.

## **GENERAL ALLEGATIONS**

7. Carvant Financial and Healthcare Revenue (collectively, "Furnishers") are inaccurately reporting their tradelines ("Errant Tradelines") on Plaintiff's Equifax and Trans Union credit disclosures.

8. Carvant Financial is inaccurately reporting its Errant Tradeline with an erroneous monthly payment amount of $363.00 on Plaintiff's Equifax credit disclosure.

9. Healthcare Revenue is inaccurately reporting its Errant Tradelines with an erroneous notation of "accounts in dispute" on Plaintiff's Equifax and Trans Union credit disclosures.

10. The account reflected by the Carvant Financial Errant Tradeline was closed by Carvant Financial. The vehicle which is the subject of the tradeline was repossessed, therefore, Plaintiff no longer has an obligation to make monthly payments to Carvant Financial. Hence, the entire balance is due presently as Plaintiff has neither the right nor the obligation to satisfy this debt in monthly installments.

11. The Errant Tradeline should be reported with the monthly payment amount of $0.00. Per credit reporting industry standard and the Credit Reporting Resource Guide, which is the credit reporting manual created by the three

major credit bureaus, no furnisher may report a monthly payment on a closed account.

12. Plaintiff no longer disputes the Healthcare Revenue Errant Tradelines.

13. On February 4, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosure and noticed the Errant Tradelines inaccurately reporting with an erroneous monthly payment amount and erroneous notation of "accounts in dispute."

14. On or about March 16, 2020, Plaintiff submitted a letter to Equifax disputing the Errant Tradelines. In her dispute letter, Plaintiff explained that the account reflected by the Errant Tradeline was closed. Therefore, she no longer has an obligation to make monthly payments to Carvant Financial. She asked Equifax to report the monthly payment amount as $0.00.

15. On the same date, Plaintiff submitted a letter to Equifax and Trans Union disputing the erroneous notation of "accounts in dispute."

16. In response to Plaintiff's dispute letter, dated April 6, 2020, Defendant Trans Union verified that the reporting of the erroneous notation of "Accounts in dispute" were accurate.

17. Equifax and Trans Union forwarded Plaintiff's consumer disputes to the Furnishers. The Furnishers received Plaintiff's consumer dispute from Equifax and Trans Union.

18. Equifax, Trans Union and the Furnishers did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

19. Plaintiff had not received Equifax's or Trans Union's investigation results. Therefore, on April 27, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures, which showed that Equifax, Trans Union and the Furnishers failed or refused to report the monthly payment amount as $0.00.

20. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit files or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CARVANT FINANCIAL

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous monthly payment amount, Carvant Financial negligently failed to

conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

23. Carvant Financial negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to report the monthly payment amount as $0.00.

24. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

25. As a direct and proximate cause of Carvant Financial's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. Carvant Financial is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

27. Plaintiff has a private right of action to assert claims against Carvant Financial arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Carvant Financial for damages, costs, interest, and attorneys' fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CARVANT FINANCIAL

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Carvant Financial willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

30. Carvant Financial willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

31. As a direct and proximate cause of Carvant Financial's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

32. Carvant Financial is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Carvant Financial for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY HEALTHCARE REVENUE

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. After being informed by Equifax and Trans Union of Plaintiff's consumer dispute of the erroneous notations, Health Revenue negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

35. Health Revenue negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax and Trans Union to report the erroneous notation of "accounts in dispute."

36. The Errant Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit files with Equifax and Trans Union to which it is reporting such tradelines.

37. As a direct and proximate cause of Healthcare Revenue's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

38. Healthcare Revenue is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

39. Plaintiff has a private right of action to assert claims against Healthcare Revenue arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Healthcare Revenue for damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY HEALTHCARE REVENUE**

40. Plaintiff realleges the above paragraphs as if recited verbatim.

41. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, Healthcare Revenue willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

42. Healthcare Revenue willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

43. As a direct and proximate cause of Healthcare Revenue's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

44. Healthcare Revenue is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Healthcare Revenue for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

45. Plaintiff realleges the above paragraphs as if recited verbatim.

46. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

47. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

48. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

49. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

50. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

51. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

52. Plaintiff realleges the above paragraphs as if recited verbatim.

53. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

54. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

55. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

56. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

57. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

58. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT VII

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

59. Plaintiff realleges the above paragraphs as if recited verbatim.

60. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

61. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

62. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

63. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

64. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

65. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

### COUNT VIII

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

66. Plaintiff realleges the above paragraphs as if recited verbatim.

67. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

68. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

69. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

70. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

71. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

72. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED:  July 22, 2020

> By: /s/ Daniel Zemel
> Daniel Zemel, Esq.
> 1373 Broad St, Ste. 203-C
> Clifton, New Jersey 07013
> Telephone: (862) 227-3106
> Fax: (862) 204-5901
> dz@zemellawllc.com
> *Attorney for Plaintiff,*
> *Rysheedna Smith*