**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RYSHEEDNA SMITH,** | Civil Action No. 20-9272 (FLW)(LHG) |
| Plaintiff, | |
| v. | |
| **EQUIFAX INFORMATION SERVICES, LLC,** *et al.*, | **PRETRIAL SCHEDULING ORDER** |
| Defendants. | |

      **THIS MATTER** having come before the Court for an Initial Conference pursuant to Fed. R. Civ. P. 16; Nicholas Linker, Esq., of Zemel Law LLC, appearing on behalf of Plaintiff; Katherine Carlton Robinson, Esq., appearing on Defendant Trans Union, LLC; the Court having set certain deadlines with the participation of counsel; and for good cause shown,

      **IT IS** on this **1st** day of **February, 2021,**

      **ORDERED** that by **January 29, 2021,** Plaintiff is to confirm whether she sent a letter HRRG regarding the dispute at issue; and it is further

      **ORDERED** that by **January 29, 2021,** Trans Union is to confirm whether there were any other communications with Plaintiff about the dispute, and provide Plaintiff with any Trans Union policies that form the basis for the inquiry letter sent to Plaintiff; and it is further

      **ORDERED** that by **January 29, 2021,** Plaintiff is to serve settlement demands on any remaining Defendants; and it is further

      **ORDERED** that any dispositive motions may be filed by no later than **February 19, 2021**; made returnable **March 15, 2021**. Counsel are to notify Chambers within five days of a decision on any dispositive motions if the decision does not resolve all issues in the case; and it is further

      **ORDERED** that counsel are to advise the Court if any responses to the above require an adjustment to the schedule; and it is further

**ORDERED** that counsel will confer in an attempt to resolve any discovery or case management disputes before making such dispute the subject of an application to the Court. Any such dispute shall be brought to the Court's attention by joint letter, no more than eight pages in total, setting forth the nature of the dispute and any efforts to resolve it. **No discovery motion or motion for leave to amend will be entertained absent leave of Court and counsel's full compliance with L. Civ. R. 37.1(a)(1);** *see also* **L. Civ. R. 16.1(f)**; and it is further

**ORDERED** that a date for the final pretrial conference will be set at a later date; and it is further

**ORDERED** that counsel are further directed to meet together by agreement, initiated by Defendant's counsel no later than twenty days before the date of the pretrial conference to:

    a.  discuss settlement;

    b.  stipulate to as many facts and issues as possible;

    c.  prepare a Final Pretrial Order in the form and content as required by the Court. Plaintiffs' counsel will prepare the Final Pretrial Order and will submit it to all other counsel for approval and execution. Counsel are responsible for the timely submission of the Final Pretrial Stipulation and Order;

    d.  examine all exhibits and documents proposed to be used at trial; and

    e.  complete all other matters which may expedite both the pretrial and trial of the case.

**ORDERED** that appropriate markers shall be affixed to the exhibits at or prior to the time they are shown to opposing counsel at the meeting of the counsel referred to above, and each marker will bear the number of the exhibit to which it is affixed; and it is further

**ORDERED** that at the pretrial conference counsel should be prepared to discuss settlement of the case. Clients must be available by telephone; and it is further

**ORDERED** that since all dates set forth herein are established with the assistance and knowledge of the parties, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties; and it is further

**ORDERED** that the Court may, from time to time, schedule conferences as may be required, either on its own motion or at the request of counsel; and it is further

**ORDERED** that failure to appear at subsequent conferences, or to comply with any of the terms of this Order, may result in sanctions; and it is further

**ORDERED** that the parties are advised that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the Bar. This equipment includes an evidence presentation system, which consists of a document camera and a projector. The projector may be used to display images which originate from a variety of sources, including television, VCR and personal computer. The document camera may be used to display documents, photographs, charts, transparencies and small objects. For further information, please contact the Courtroom Deputy Ivannya Fitzgerald at 609-989-2114.

**LOIS H. GOODMAN**
**United States Magistrate Judge**